UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KANONIE N. HALL, | ) | CASE NO. 1:09 CV 1379 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| CLEVELAND MUNICIPAL COURT, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On June 17, 2009, plaintiff pro se Kanonie N. Hall, an inmate at the Ohio State Penitentiary, filed this 42 U.S.C. § 1983 action against the Cleveland Municipal Court. Although the complaint is barely legible, it appears to allege that plaintiff was convicted of a drug offense and found to have violated the terms of his probation, and that he believes these events were the result of inappropriate legal advice and unfair legal proceedings. It is further alleged he was treated roughly by jail guards, and that he did not receive medical treatment for a knee injury he sustained in a gym. Plaintiff seeks damages and expungement of his record. For the reasons stated below, this action is dismissed.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th

Cir. Feb. 1, 2000).

As a threshold matter, it is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Governmental entities may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). There are no allegations reasonably suggesting that defendant established policies or customs resulting in the violation of plaintiff's constitutional rights. Salehpour v. University of Tennessee, 159 F.3d 199, 206 (1998)(liability must be based on more than right to control employees); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (supervisory liability under § 1983 must be based on active unconstitutional behavior).

Further, to the extent plaintiff is challenging the validity of his state conviction and his current confinement, "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            */s/Dan Aaron Polster    7/2/09*
                                            DAN AARON POLSTER
                                            UNITED STATES DISTRICT JUDGE